UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:06CR-06-R

UNITED STATES OF AMERICA                                                                            PLAINTIFF

v.

ALLEN OSBORNE                                                                                      DEFENDANTS
KEVIN SCHEPMAN

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Notice of its Intent to Seek Admission of 404(b) Evidence (Docket #65). Defendant Schepman has filed a response (Docket #66). This matter is now ripe for adjudication. For the reasons that follow, the email is admissible under FED. R. EVID. 404(b); however, any reference to Schepman in the email must be redacted.

## BACKGROUND

On February 8, 2006, an Indictment was filed in this case charging defendants with conspiracy to defraud Fruit of the Loom Corporation (FOL) between December 14, 2000, and December 10, 2003. The Indictment charges the three Defendants with engaging in a conspiracy to defraud FOL by having Wilson use his position at FOL to cause the company to pay approximately $280,000 on a series of fraudulent invoices issued by Osborne and Schepman, purportedly for modeling services supplied to FOL supported events. The Indictment alleges that these modeling services were never supplied to the events in question. The government claims that the Defendants knowingly used this scheme to supply Wilson with the companionship of Schepman and other models. The government alleges that these models were in return paid through monies generated by false and fraudulent invoices knowingly created by Osborne and Schepman and

approved by Wilson.

The government has filed a notice indicating that it intends to introduce at trial an e-mail, dated February 20, 2000, recovered from the laptop computer used by Wilson, while he was employed with FOL. The email is a response from Wilson to Osborne and includes the earlier email from Osborne to Wilson to which Wilson was responding. The government contends that the subject of the email is the exact same scheme as that engaged in by Defendants between December 14, 2000, and December 10, 2003.

## DISCUSSION

FED. R. EVID. 404(b) permits the introduction of evidence of other crimes, wrongs, or acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. However, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith. *Id.* When a court considers admitting such evidence a two part analysis must be undertaken. First, the court must decide whether the evidence would serve a permissible purpose under rule 404(b). *United States v. Huddleston*, 811 F.2d 974, 976 (6th Cir. 1987). "If so, the court must consider whether the probative value of the evidence is outweighed by its potential prejudicial effect." *Id*. To be relevant the evidence must deal with conduct substantially similar and reasonably near in time to the offenses for which the Defendants are being tried. *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985).

The email at issue here was sent February 20, 2000, ten months prior to the conduct for which the Defendants are charged in the Indictment. In the email from Osborne to Wilson, Osborne thanks Wilson for a birthday present which was the companionship of Schepman for a couple of days, which, according to Osborne, would not have occurred had Wilson not been able to arrange

2

to have Schepman have the days in question as "paid job days." This conduct is substantially similar to that alleged in the Indictment. The email demonstrates an agreement between Wilson and Osborne to have Wilson arrange for Schepman to be paid for time in which he was not working in order to provide Osborne with his companionship. Additionally the email was sent only ten months prior to the acts for which the Defendants are charged in the Indictment, a time period that this Court finds reasonably near for admission under rule 404(b). *See United States v. Kreiser*, 15 F.3d 635, (7th Cir. 1994) (finding that act that occurred seven years prior to those for which defendant was charged was close enough in time for admission under rule 404(b)). Therefore, this Court finds that the email is relevant.

Here, the government argues that the evidence is admissible to demonstrate the existence of a fraudulent plan and scheme among the Defendants, substantially identical to the one charged in the Indictment. The government also argues that this evidence shows that Osborne and Schepman's participation in the scheme was intentional and not the result of accident or mistake. Schepman argues that the email has no probative value except for an attempt to prove his character in order to show that his actions were in conformity therewith which is an invalid purpose under rule 404(b).

Where the government, either by virtue of the defense raised by the defendant or by virtue of the elements of the crime charged, has an affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under rule 404(b). *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994). Defendants are charged with mail fraud in violation of 18 U.S.C. § 1341. In order to obtain a conviction for mail fraud, the government must demonstrate that the Defendants had a specific criminal intent to defraud. *United States v. Desantis*, 134 F.3d 760, 764 (6th Cir. 1998). Hence, introduction of the email to

demonstrate intent, knowledge, or absence of mistake or accident would be a permissible purpose under rule 404(b) in this case. The email is also admissible under rule 404(b) to prove that the charge contained in the Indictment is part of a larger plan, as the email at issue tends to show a consistent pattern of conduct over a period of time. *See United States v. Faulkner*, 538 F.2d 724, 728 (6th Cir. 1976); *United States v. Largent*, 545 F.2d 1039, 1043 (6th Cir. 1976).

Evidence of prior bad acts is almost always prejudicial to the defendant; however, the issue that this Court must decide is whether such evidence is unfairly prejudicial. *United States v. Vance*, 871 F.2d 572, 576-77 (6thCir. 1989). Evidence is unfairly prejudicial when "the jury's decision will be based on improper factors, notably the character and past conduct of the accused, rather than on the evidence presented on the crime charged." *Id.* (quoting *United States v. Benton*, 637 F.2d 1052, 1057 (5th Cir. 1981)). The prejudicial effect of the evidence can be reduced by the manner in which the evidence is introduced and by cautionary instructions from the trial judge. *Id.* at 577. Here, the Court finds that the probative value of the evidence is outweighed by its potential prejudicial effect. *See Huddleston*, 811 F.2d at 976. The evidence is probative of the Defendants' intent, an element of the crime which the government has an affirmative duty to prove. *Johnson*, 27 F.3d at 1192; 18 U.S.C. § 1341. The evidence also demonstrates that the charge contained in the Indictment is part of a larger plan, as the email at issue tends to show a consistent pattern of conduct over a period of time. *See Faulkner*, 538 F.2d at 728; *Largent*, 545 F.2d at 1043. The Court finds that the issuance of a cautionary instruction will remedy any potential misuse of the evidence by the jury, focusing the jury's attention on the limited purpose for which the evidence will be used. *See Vance*, 871 F.2d at 577.

Although the email is admissible, the Court finds that the email must be redacted to remove

4

the reference to Schepman. In *Bruton v. United States*, the Supreme Court held that a defendant at a joint trial is deprived of his Sixth Amendment right of confrontation when the court admits a non-testifying co-defendant's confession implicating him in the crime, even if the court instructs the jury to consider the confession only against the co-defendant. *Bruton v. United States,* 391 U.S. 123, 126, 135-36 (1968). If Osborne does not testify in this case, Schepman will be deprived of his right of confrontation unless his name and any reference to him is redacted from the email. *Richardson v. Marsh*, 481 U.S. 200, 210 (1987); *see United States v. Sophie*, 900 F.2d 1064, 1076-77 (7th Cir. 1990).

## CONCLUSION

For the foregoing reasons, the email will be admitted under FED. R. EVID. 404(b), provided that any references to Schepman are redacted.